Case 3:23-cv-00357   Document 4   Filed on 10/31/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:23-CV-0357

ROBERT ALAN HEBERT, JR., TDCJ # 02401483, PLAINTIFF,

v.

BRAZORIA COUNTY, ET AL., DEFENDANTS.

### ORDER OF DISMISSAL

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE:

Robert Alan Hebert, Jr., is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). Hebert proceeds *pro se* and seeks leave to proceed *in forma pauperis*. He brings claims against Brazoria County, the 149th District Court, and several other defendants. Dkt. 1. Having reviewed the pleadings, the plaintiff's litigation history, and all matters of record, the court dismisses this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act (PLRA), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate" and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbarv. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Hebert has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See*, *e.g.*, *Hebert v. Brazoria County*, No. 3:22-0321 (S.D. Tex. Dec. 19, 2022); *Hebert v. Brazoria County et al.*, No. 3:22-cv-127 (S.D. Tex. Dec. 15, 2022); *Hebert v. Brazoria County, et al.*, No. 3:22-cv-205 (S.D. Tex. Nov. 3, 2022); *Hebert v. Brazoria County*, No. 3:21-cv-268 (S.D. Tex. Oct. 19, 2022). He therefore may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Hebert's complaint brings multiple claims challenging his criminal conviction and alleges that the Brazoria County proceedings violated his constitutional rights. His allegations are insufficient to show imminent physical danger for purposes of § 1915(g). *See Brown*, 857 F.3d at 290; *Ciarpaglini*, 352

F.3d at 330. Because he is not otherwise eligible to proceed *in forma pauperis*, the court will dismiss the complaint without prejudice as barred by § 1915(g).

Based on the foregoing, the court orders as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* is denied. Dkt. 2.

2. This civil action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

3. All other pending motions, if any, are denied as moot.

**The Clerk is instructed to provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

Signed on Galveston Island this  31st  day of   October          , 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE